# Fetterman v. Haba

*Michael J. Toretti,* for plaintiff.
*Steven L. Dugas,* for defendants.

SNYDER, *P.J.,* August 7, 1987—The issue here is whether the confidentiality provisions of the Peer Review Protection Act, 63 Pa. C.S. §425.1 (1987), et seq. protect from discovery a medical doctor's application for hospital staff privileges, the qualifications contained therein and the delineation of privileges of a doctor to a private facility. Plaintiff, a former patient of the defendant-doctor, has instituted an action for malpractice against the doctor. He has also joined the hospital in the suit, alleging negligence in granting staff privileges to the defendant-doctor.

In his pretrial preparation, plaintiff presented a request for the production of documents. Specifically, plaintiff would have defendant-hospital produce any and all accreditation reports issued by or received from the Joint Commission on the Accreditation of Hospitals in regard to defendant-doctor; any and all documents concerning the doctor's application for staff privileges; any and all documents per-

taining to any investigation by the hospital into the doctor's qualifications, and any and all documents outlining the grant of staff privileges to the doctor.

In its answer to plaintiff's request, the hospital has denied that any JCAH reports exist relating to Dr. Haba. Therefore it is unnecessary for us to address the issue of the confidentiality of such reports. The hospital further claims that all other documents requested fall under the protection of the Peer Review Protection Act.

The Peer Review Protection Act provides, in pertinent part, that:

"the proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee . . ." 63 Pa. C.S. §425.4

Peer review is defined in the act as "the procedure for evaluation by professional health care providers of the quality and efficiency of services ordered or performed by other professional health care providers . . ." 63 Pa. C.S. §425.2. Professional health care providers are "individuals or organizations who are approved, licensed or otherwise regulated to practice or operate in the health care field under the laws of this commonwealth . . ." Id. A review organization is "any committee engaging in peer review . . ." including "any hospital board, committee or individual reviewing the professional qualifications or activities of its medical staff or applicants for admission thereto." Id.

There is only one appellate court decision interpreting the confidentiality provisions of the Peer Review Protection Act. In *Sanderson v. Bryan,* 361 Pa. Super. 491, 522 A.2d 1138 (1987), the Superior Court upheld a broad interpretation of the privilege

conveyed by the act, holding that a medical malpractice plaintiff is not entitled to discover hospital peer review matters which were not directly related to, or reasonably associated with, plaintiffs' cause of action, including complaints against the defendant-doctor by other patients. Id. at ___, 522 A.2d at 1141. The *Sanderson* decision, however, seems to turn on the issue of privacy; the plaintiffs were requesting to see documents relating to other patients and any peer review matter collected or generated in response thereto. Plaintiff here is requesting to see an entirely different type of document — the application and the attendant documents of the doctor himself. While keeping in mind the principles behind the *Sanderson* decision, we do not find it dispositive of the case at hand.

There are very few lower court decisions interpreting the confidentiality provisions of the act, and there is a split among the jurisdictions as to what information is protected and what documents are discoverable.

In *Fowler v. Pirris,* 34 D. & C.3d 530 (1981), the Washington County Court found that an application for staff privileges of a defendant-doctor in a malpractice action was not protected under the act, as it was not a document that reviews the services of another health care provider. Id. at 535. According to *Fowler,* an application for staff privileges, strictly speaking, is "a recital in the applicant's own words of what qualifications he believes he has that would entitle him to a staff position." Id. While we agree with that assessment of the nature of an application for staff privileges, the question remains in the court's mind as to whether such an application is nevertheless protected by the Peer Review Protection Act when the application is evaluated and reviewed by the committee or board considering that

438

doctor for a staff position.

The Allegheny County Court, in *O'Neill v. Mc-Keesport Hospital,* 135 P.L.J. 217 (1987), agrees, in essence with *Fowler.* There the court said in dicta that "only the findings and conclusions of the peer review committee are protected. Any documents and records of the treatment which the peer review committee reviewed continue to be subject to discovery." Id. at 221. The court further concluded that the privilege "does not in any way interfere with the ability of plaintiff's counsel to obtain the same information that was made available to the peer review committee. . . . This privilege . . . only precludes plaintiff's counsel from basing his or her case on the opinions of the committee members." Id. at 222. We agree with that proposition, to a point. We do not agree that only the conclusions of the committee are protected by the act. That does not appear to be what the language of the statute provides.

The Lebanon County Court, faced with a situation very similar to the case at bar, reached a different conclusion after evaluating the provisions of the Peer Review Protection Act in light of its language and the guidelines of the Statutory Construction Act. Pa. C.S. 1, §1921 et seq. (Purdon Supp. 1987). In *Fisher v. Lancaster Mennonite Hospital Inc.,* 24 Lebanon L. J. 75 (1986), the court held that the Peer Review Protection Act did indeed protect the application and credentials files of two doctors from discovery by a potential complainant. Id. Observing that plaintiff was proceeding with a "fishing expedition," the court found that the records in question arose out of the matters which are subject to evaluation and review by a credentials committee and are therefore protected. Id.

We find the reasoning of the court in *Fisher* con-

vincing. The Statutory Construction Act provides that "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S. §1921(a). The act in question here defines a review committee as including a hospital admissions board, and by further provision provides protection for its records and proceedings. We believe it would defeat the purposes of the act to then strip away that protection because the documents in question are the doctor's own application and qualifications for admission. Once the application is submitted to the hospital board or committee and becomes the subject of that committee's review, protection from discovery is then provided by the act as part of the records of the committee. The same reasoning would apply to any investigation by the hospital into the doctor's credentials, as being part of the proceedings and specific function of the committee evaluating the doctor for employment.

The only other provision that could block the protection of the act is the second clause of the confidentiality provision of section 4:

"Provided, however, that information, documents or records otherwise available from other sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during the proceedings of such committee . . ." 63 Pa. C.S. §425.4

In *Fowler,* this language was interpreted to mean that the act "permits discovery of documents considered by a review committee, if they are available from original sources." 34 D.&C.3d at 533. Apparently the *Fowler* court would allow the plaintiff to acquire the documents from the review committee if they would be able to obtain them from the original source. The *O'Neill* court, on the other hand, disagreed with this holding and held that the provi-

sion only provides "that a committee's review of documents that could be obtained through discovery does not immunize these documents from discovery (merely because they were presented to the committee.)" 135 P.L.J. at 219. The *O'Neill* court would hold, and we would agree, that documents that become the records of a review committee or are part of the proceedings of the review committee are protected by the act. Id.

For the foregoing reasons, we find that the application, the qualifications contained therein and the delineation of privileges granted to defendant-doctor are the records of the review committee, arising out of the subject matter of evaluation and review by the hospital board's admissions committee and as such are protected from discovery the Peer Review Protection Act.

## ORDER

And now, August 7, 1987, for the reasons set forth in the accompanying opinion, defendant Punxsutawney Area Hospital's motion for protective order is granted.